ADKINS, Justice.
By petition for writ of certiorari, we have for review Order No. 5756 entered by the Florida Public Service Commission.
Petitioners (hereinafter referred to as Osceola Service) controlled and operated sewer lines in certain portions of Osceola *713 County, Florida, which constitute a collection and distribution system for water and waste water treatment. B.C.D. Industries, Inc. (hereinafter referred to as B.C.D.) applied for a certificate to operate a water and sewer system in certain sections of Osceola County not serviced by Osceola Service.
Notice of the application was provided and published, pursuant to Fla.Stat. § 367.-041, F.S.A., and no protests were filed within the prescribed period. The Commission approved the application of B.C.D. by Order No. 56SS and issued certificates authorizing them to provide the water and sewer service proposed.
Thereupon, Osceola Service filed an extraordinary petition for reconsideration. This petition was denied by the Commission by Order No. 5756, which Osceola Service now attacks. The crux of Osceola Service’s petition is the existence of their sewer system and the failure of the Commission to consider the service available from it with relationship to the application of B.C.D. Osceola Service says the application of B.C.D. was granted in violation of Fla.Stat. § 367.051(3), which reads as follows:
“In either event, the commission may grant a certificate, in whole or in part or with modifications in the public interest, or, after notice and hearing, deny a certificate. The commission shall not grant a certificate for a proposed system, or for the extension of an existing system, which will be in competition with, or duplication of, any other system or portion of a system, unless it shall first determine that such other system or portion thereof is inadequate to meet the reasonable needs of the public or that the person operating the system is unable or refuses or neglects, after hearing on reasonable notice, to provide reasonably adequate service.”
Osceola Service argues that the Commission had no information before it concerning the Osceola Service Utilities System when it acted favorably upon the application of B.C.D. Osceola Service contends the application was defective because of the absence of such information.
At the outset, it should be noted that Osceola Service does not hold, nor have they applied for, a certificate to provide a water and sewer service in Osceola County. Rather, it operates under the contention that it is an exempt “nonprofit” corporation pursuant to Fla.Stat. § 367.022(7), F.S.A., the pertinent part of which reads as follows:
“The following are not subject to regulation by the commission as a utility:
“(7) Nonprofit corporations, associations, or cooperatives providing service solely to members who own and control such nonprofit corporations, associations, or cooperatives.”
Fla.Stat. § 367.041, F.S.A., in requiring notice of an application, contains the following :
“(4) Submit an affidavit that the applicant has caused notice of its intention to file an application, to be given:
“(a) By mail or personal delivery.
“1. To each utility serving, as disclosed by the records of the commission•, within ten miles of the applied for territory, which has registered pursuant to the provisions of § 367.171(1) (a); and
“2. To the county commissions of the counties affected; and
“(b) By publishing an advertisement each week, for three consecutive weeks, in a newspaper of general circulation in the territory involved.” (Emphasis supplied.)
Since exempt utilities are not listed in the records of the Commission, it would be impossible to know who would be entitled to actual notice if exempt utilities were included within the actual notice requirement. Accordingly, actual notice is not required to be given to the various ex *714 empt utilities listed in Fla.Stat. § 367.022, F.S.A. In any event, notice is effected by the requirement of publication of notice. In other words, Osceola Service had constructive notice through newspaper publication.
The order of the Commission denying Osceola Service’s extraordinary petition for reconsideration recites that Osceola Service did not allege that constructive notice by publication was not given and, therefore, it was without standing to challenge the sufficiency of Order No. 5655. The Commission then denied the petition.
Osceola Service has not shown that the Commission departed from the essential requirements of law by its denial of the extraordinary petition and we find that such denial was correct.
The Commission is affirmed and the writ of certiorari is discharged.
It is so ordered.
CARLTON, C. J., and ROBERTS, McCAIN and DEKLE, JJ., concur.